IN THE CIRCUIT COURT, FOURTH
JUDICIAL CIRCUIT, IN AND FOR
DUVAL COUNTY, FLORIDA

CASE NO.: 2006-CA-000522
DIVISION:

**SEAN O. LEES**
      Plaintiff,

vs.

DIVISION CV-A

**DYNAMIC EDUCATIONAL
SYSTEMS, INC.**
      Defendants.

3:06-cv-1106-J-33mmH

## COMPLAINT AND JURY DEMAND

Plaintiff, Sean O. Lees sues Defendant, Dynamic Educational Systems, Inc. and alleges:

### JURISDICTION AND PARTIES

1. This is an action for damages in excess of $15,000 and for declarative and injunctive relief.

2. Plaintiff, Sean O. Lees ("Lees"), at all times material hereto, was a male resident in the State of Florida. He was employed by Dynamic Educational Systems, Inc. ("DESI") in Duval County, Florida and suffered from discriminatory actions in Duval County.

3. DESI is a foreign corporation which at all relevant times was doing business in Duval County, Florida. DESI is an employer subject to the provisions of the Florida Civil Rights Act of 1992 and Title VII of the Civil Rights Act of 1964 as amended.

4.  Lees has complied with all jurisdictional prerequisites to action under Chapter 760, Florida Statutes, and Title VII as follows:

   a.  Lees filed a complaint with the Jacksonville Human Rights Commission, and through it, with the Florida Commission on Human Relations ("FCHR") and the Equal Employment Opportunity Commission ("EEOC"). The complaint filed with the above named agencies alleged the same discriminatory actions alleged herein;

   b.  More than 180 days have passed since the filing of plaintiff's complaint, and Lees has received a Right to Sue letter from the EEOC. Plaintiff is therefore entitled to file suit in this court.

## NATURE OF THE PROCEEDING

5.  This is a civil action for employment discrimination pursuant to the Florida Civil Rights Act of 1992, Chapter 760, Florida Statutes, and Title VII of the Civil Rights Act of 1964 as amended (codified at 42 U.S.C. section 2000e, *et sequiter*). Specifically this is an action for quid pro quo, sexual harassment, and retaliation.

## ALLEGATIONS COMMON TO ALL COUNTS

6.  Lees was employed with DESI as a Facilities Manager from September 1, 2003 until he was terminated from employment in December of 2005.

7.  DESI had contracts with the Federal government to maintain some of the federal job corps centers around the country, including the center in Jacksonville, Florida.

-2-

8. Lees was employed by DESI for approximately twenty months without incident. In February of 2005, Lees's original supervisor left DESI. A new supervisor was hired named Renee Nutter. At all times material hereto, Nutter was acting within the course and scope of her duties as a managerial employee of DESI. Nutter was primarily based at DESI's home office in Phoenix, Arizona.

9. On May 17, 2005 Nutter came to Jacksonville to visit the Jacksonville Job Corps Center.

10. On May 20, 2005, Nutter asked Lees to go with her for a bite to eat. Lees agreed to accompany her. During the course of the evening, Nutter suggested by her actions that she wanted to have sexual relations with Lees. Lees was not interested in having relations with his supervisor and did not respond to her overtures. Because of Nutter's persistence, Lees was forced to make it absolutely clear that he was not going to have sexual relations with her. He then dropped her off at her hotel. At that point, Nutter threatened Lees, saying he was going to "regret" it.

11. Subsequently, Nutter began to make good on her threat. She systematically took action to reduce Lees's responsibilities. She also began to undermine him with his colleagues and denied or delayed employment benefits to which he was entitled.

12. Lees attempted to discuss this problem with his next higher level supervisor but was unable to obtain any relief.

13. By the end of September, Lees concluded that the chain of command would not respond to his concerns and that Nutter was going to be permitted to continue her retaliatory actions until she had eliminated him from the company.

-3-

14. Accordingly, on October 4, 2005, Lees reported the sexual harassment and retaliation, in writing, to DESI's director of human resources. An investigation ensued, after which Nutter was removed from directly supervising Lees "to stop any further similar behavior." However, the responsibilities which Nutter had removed from Lees were never restored to him and he never received his withheld employment benefits.

15. Approximately 1 month after the investigation was complete, DESI terminated Lees's employment as a result of Nutter's retaliatory actions and in retaliation for Lees reporting the discriminatory actions taken against him by Nutter.

## STATEMENT OF CLAIM

### COUNT I: QUID PRO QUO SEXUAL HARASSMENT IN VIOLATION OF CHAPTER 760, FLORIDA STATUTES

16. Lees incorporates and realleges paragraphs 1 through 15 as if fully set for herein.

17. Plaintiff was discriminated against and subjected to *quid pro quo* sexual harassment and discrimination by his supervisor at DESI.

18. DESI is responsible for the actions of Nutter by reason of her authority as his supervisor at DESI.

19. Nutter's actions were intentional, willful, and wanton in violation of the Florida Civil Rights Act and were done with reckless disregard for Lees's rights under Chapter 760, Florida Statutes.

20. As a result of these illegal actions Lees has been damaged. Lees has suffered humiliation, physical and emotional distress, and impairment of his ability to

-4-

maintain a normal, stable life. He further suffered loss of his employment and its associated benefits.

### PRAYER FOR RELIEF

WHEREFORE, Lees respectfully requests that this court:

a. Adjudge and decree that DESI has violated the provisions of Florida Civil Rights Act of 1992, Chapter 760, Florida Statutes, and has done so willfully with reckless disregard for Lees's rights, and that it has discriminated against him and subjected him to sexual harassment, and retaliation;

b. Grant a judgment requiring DESI to pay Lees appropriate backpay, benefits adjustment, compensatory damages, and prejudgment interest in amounts to be proved at trial for the unlawful employment practices described herein.

c. Reinstate Lees to the position from which he was removed together with all incremental pay increases and benefits to which he would have been entitled, or alternatively, grant Lees front pay.

d. Award Lees compensatory damages for mental anguish, humiliation, and personal suffering.

e. Award Lees the costs of this action, together with reasonable attorneys fees as provided by Chapter 760 Florida Statutes.

f. Grant Lees such other relief as the court deems just and proper under the circumstances.

## COUNT II: RETALIATION IN VIOLATION OF CHAPTER 760, FLORIDA STATUTES

21. Lees incorporates and realleges paragraphs 1 through 15 as if fully set forth herein.

22. After Lees refused Nutter's advances, Nutter threatened Lees, telling him he would regret his actions. She, in fact, did retaliate against Lees to punish him for his refusal to submit to her advances. Her retaliation against him adversely affected the terms and conditions of his employment and ultimately resulted in his discharge from DESI.

23. DESI discriminated against Lees by and through Nutter. Additionally, DESI retaliated against Lees by permitting Nutter's actions and by terminating Lees's employment.

24. Nutter and DESI'S actions with respect to the retaliation were intentional and willful and a wanton violations of the Florida Civil Rights Act of 1992. These actions were undertaken with reckless disregard for Lees's rights under this act.

25. As a result of these illegal actions, Lees has been damaged. Lees has suffered the destruction of his professional reputation, he has been humiliated, suffered physical and emotional distress, and impairment of his ability to maintain a normal, stable life. He further suffered termination of his employment, and loss of all associated remuneration and benefits.

### PRAYER FOR RELIEF

WHEREFORE, Lees respectfully requests that this court:

a. Adjudge and decree that DESI has violated the provisions of Florida Civil Rights Act of 1992, Chapter 760, Florida Statutes and has done so willfully with reckless disregard for Lees's rights, that it has discriminated against and retaliated against him;

b. Grant a judgment requiring DESI to pay Lees appropriate backpay, benefits adjustment, compensatory damages, and prejudgment interest in amounts to be proved at trial for the unlawful employment practices described herein.

c. Reinstate Lees to the position from which he was removed together with all incremental pay increases and benefits to which he would have been entitled, or alternatively, grant Lees front pay.

d. Award Lees compensatory damages for mental anguish, humiliation, and personal suffering.

e. Award Lees the costs of this action, together with reasonable attorneys fees as provided by Chapter 760 Florida Statutes.

f. Grant Lees such other relief as the court deems just and proper under the circumstances.

### COUNT III: QUID PRO QUO SEXUAL HARASSMENT IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964 AS AMENDED

26. Lees incorporates and realleges paragraphs 1 through 15 as if fully set for herein.

27. Plaintiff was discriminated against and subjected to *quid pro quo* sexual harassment by his supervisor, Renee Nutter at DESI.

28. DESI is responsible for the actions of Nutter by reason of her authority as his supervisor at DESI.

29. Nutter's actions were intentional, willful, and wanton in violation of Title VII of the Civil Rights Act of 1964 as amended, codified at 42 U.S.C. Section 2000e and were done with reckless disregard for Lees's rights under Title VII.

30. As a result of these illegal actions Lees has been damaged. Lees has suffered humiliation, physical and emotional distress and impairment of his ability to maintain a normal, stable life. He further suffered loss of employment and its associated remuneration and benefits.

## PRAYER FOR RELIEF

WHEREFORE, Lees respectfully requests that this court:

    a. Adjudge and decree that DESI has violated the provisions of Title VII of the Civil Rights Act of 1964 as amended, codified at 42 U.S.C. Section 2000e, and has done so willfully with reckless disregard for Lees's rights, that it has discriminated against him and subjected him to sexual harassment, and retaliation;

    b. Grant a judgment requiring DESI to pay Lees appropriate backpay, benefits adjustment, compensatory damages, and prejudgment interest in amounts to be proved at trial for the unlawful employment practices described herein.

    c. Reinstate Lees to the position from which he was removed together with all incremental pay increases and benefits to which he would have been entitled, or alternatively, grant Lees front pay.

d. Award Lees compensatory damages for mental anguish, humiliation, and personal suffering.

e. Award Lees the costs of this action, together with reasonable attorneys fees as provided by Title VII.

f. Grant Lees such other relief as the court deems just and proper under the circumstances.

### COUNT IV: RETALIATION IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964 AS AMENDED

31. Lees incorporates and realleges paragraphs 1 through 15 as if fully set forth herein.

32. After Lees refused Nutter's advances, Nutter threatened Lees, telling him he would regret his actions. She, in fact, did retaliate against Lees to punish him for his refusal to submit to her advances. Her retaliation against him adversely affected the terms and conditions of his employment and ultimately resulted in his discharge from DESI.

33. DESI discriminated and retaliated against Lees by and through Nutter. Additionally, DESI retaliated against Lees by permitting Nutter's actions and by terminating Lees's employment.

34. Nutter and DESI'S actions with respect to the retaliation were intentional, willful and wanton violations of Title VII. These actions were undertaken with reckless disregard for Lees's rights under this act.

35. As a result of these illegal actions, Lees has been damaged. Lees has suffered the destruction of his professional reputation, he has been humiliated, suffered

physical and emotional distress, and impairment of his ability to maintain a normal, stable life. He further suffered termination of his employment, including loss of all associated remuneration and benefits.

## PRAYER FOR RELIEF

WHEREFORE, Lees respectfully requests that this court:

a. Adjudge and decree that DESI has violated the provisions of Title VII of the Civil Rights Act of 1964 as amended, codified at 42 U.S.C. Section 2000e, and has done so willfully with reckless disregard for Lees's rights, that it has discriminated against him and subjected him to sexual harassment, and retaliation;

b. Grant a judgment requiring DESI to pay Lees appropriate backpay, benefits adjustment, compensatory damages, and prejudgment interest in amounts to be proved at trial for the unlawful employment practices described herein.

c. Reinstate Lees to the position from which he was removed together with all incremental pay increases and benefits to which he would have been entitled, or alternatively, grant Lees front pay.

d. Award Lees compensatory damages for mental anguish, humiliation, and personal suffering.

e. Award Lees the costs of this action, together with a reasonable attorneys fee as provided by Title VII.

f. Grant Lees such other relief as the court deems just and proper under the circumstances.

## JURY DEMAND

Plaintiff demands trial by jury as to all issues so triable.

Bledsoe Jacobson Schmidt Wright Wilkinson & Lang

By: _____
Kenneth B. Wright, Esquire
Florida Bar No.: 0893791
1301 Riverplace Blvd., Suite 1818
Jacksonville, FL 32207
Telephone: (904) 398-1818
Facsimile: (904) 398-7073
Email: ken@jacobsonwright.com
Attorneys for Plaintiff

-11-