**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

**SEAN O. LEES,**

      **Plaintiff,**                              **Case No.: 3:06-cv-1106-J-33MMH**

**v.**

**DYNAMIC EDUCATIONAL SYSTEMS,**
**INC.,**

      **Defendant.**

_____/

**DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES**

COMES NOW Defendant, Dynamic Educational Systems, Inc. (hereinafter "Defendant" or

"DESI"), by and through its undersigned counsel, pursuant to Rules 8(c) and 12(a) of the Federal

Rules of Civil Procedure, and files its Answer and Affirmative Defenses to Plaintiff's Complaint as

follows:

**JURISDICTION AND PARTIES**

1.      Answering paragraph 1, Defendant admits that Plaintiff is seeking damages in

excess of $15,000 and declaratory and injunctive relief; however Defendant denies that Plaintiff is

entitled to any relief whatsoever.

2.      Answering paragraph 2, Defendant is informed and believes that Plaintiff is a male

resident of the State of Florida and admits that Plaintiff was employed by Defendant.  Defendant

denies that Plaintiff suffered from discriminatory actions in Duval County or elsewhere.

3.      Defendant admits the allegation of paragraph 3.

4.      Answering paragraphs 4a and b, Defendant affirmatively alleges that Plaintiff's

Charge of Discrimination and Right to Sue Notice speak for themselves, and therefore deny the

allegations of this paragraph.

## NATURE OF THE PROCEEDINGS

5.      Answering paragraph 5, Defendant admits that Plaintiff has pleaded the claim so characterized, but denies that Plaintiff is entitled to any relief.

## ALLEGATIONS COMMON TO ALL COUNTS

6.      Defendant admits the allegations of paragraph 6.

7.      Defendant admits the allegations of paragraph 7.

8.      Defendant admits the allegations of paragraph 8, except that Defendant denies that any unlawful harassment or other conduct by Rene Nutter was taken within the course and scope of her duties as a managerial employee of DESI.

9.      Defendant admits the allegations of paragraph 9.

10.     Defendant denies the allegations of paragraph 10.

11.     Defendant denies the allegations of paragraph 11.

12.     Defendant denies the allegations of paragraph 12.

13.     Defendant denies the allegations of paragraph 13.

14.     Answering paragraph 14, Defendant admits that Plaintiff reported alleged sexual harassment and retaliation to DESI and that a full and proper investigation ensued, after which Nutter was removed from directly supervising Plaintiff. Defendant denies that Plaintiff suffered any retaliation or loss of responsibilities or benefits.

15.     Defendant denies the allegations of paragraph 15.

## COUNT I
## QUID PRO QUO SEXUAL HARASSMENT IN VIOLATION OF CHAPTER 760, FLORIDA STATUTES

16.     Answering paragraph 16, Defendant incorporates the preceding paragraphs 1

through 15 by this reference as if set forth in full herein.

17.     Defendant denies the allegations of paragraph 17.

18.     Defendant denies the allegations of paragraph 18.

19.     Defendant denies the allegations of paragraph 19.

20.     Defendant denies the allegations of paragraph 20.

## COUNT II
## RETALIATION IN VIOLATION OF CHAPTER 760, FLORIDA STATUTES

21.     Answering paragraph 21, Defendant incorporates the preceding paragraphs 1 through 20 by this reference as if set forth in full herein.

22.     Defendant denies the allegations of paragraph 22.

23.     Defendant denies the allegations of paragraph 23.

24.     Defendant denies the allegations of paragraph 24.

25.     Defendant denies the allegations of paragraph 25.

## COUNT III
## QUID PRO QUO SEXUAL HARASSMENT IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964 AS AMENDED

26.     Answering paragraph 26, Defendant incorporates the preceding paragraphs 1 through 25 by this reference as if set forth in full herein.

27.     Defendant denies the allegations of paragraph 27.

28.     Defendant denies the allegations of paragraph 28.

29.     Defendant denies the allegations of paragraph 29.

30.     Defendant denies the allegations of paragraph 30.

## COUNT IV
## RETALIATION IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964
## AS AMENDED

31.     Answering paragraph 31, Defendant incorporates the preceding paragraphs 1 through 30 by this reference as if set forth in full herein.

32.     Defendant denies the allegations of paragraph 32.

33.     Defendant denies the allegations of paragraph 33.

34.     Defendant denies the allegations of paragraph 34.

35.     Defendant denies the allegations of paragraph 35.

### DEMAND FOR JURY TRIAL

36.     Defendant admits that Title VII of the Civil Rights Act of 1964, as amended, and the Florida Civil Rights Act of 1992, generally afford aggrieved parties the right to trial by jury. However, Defendant denies that it has discriminated or retaliated against Plaintiff and asserts that Plaintiff's claims fail as a matter of law.

37.     Defendant denies each and every allegation not specifically admitted above and demands strict proof thereof.  Defendant further prays that it be awarded its costs and reasonable attorneys' fees in having to defend against this frivolous action.

### AFFIRMATIVE DEFENSES

38.     The Complaint fails in whole or in part to state a claim upon which relief can be granted.

39.     The Complaint is barred in whole or in part because Defendant had a policy against unlawful harassment in place at all times relevant to the Plaintiff's claims, and Plaintiff failed to follow the procedures in that policy and/or Defendant took prompt, effective remedial action when appropriate.

40.     The Complaint is barred in whole or in part by the statute of limitations.

41.     The Complaint is barred in whole or in part by failure to mitigate damages.

42.     The Complaint is barred in whole or in part by Plaintiff's failure to take reasonable steps to avoid harm.

43.     The Complaint is barred in whole or in part by the exclusivity of workers' compensation.

44.     The Complaint is barred in whole or in part by failure to exhaust available internal remedies.

45.     The Complaint is barred in whole or in part by failure to exhaust administrative remedies.

46.     Any award of damages is subject to the cap provided by 42 U.S.C.§ 1981a(a)(3).

47.     Defendants reserve the right to amend this Answer to assert any and all additional claims and defenses, including without limitation those set forth in Rule 8(c) of the Federal Rules of Civil Procedure, as, when and if warranted in the course of further discovery, investigation or preparation for trial in this action.

WHEREFORE, having fully answered, Defendant prays that Plaintiff's Complaint be dismissed with prejudice and that Plaintiff take nothing thereby; for Defendant's attorneys' fees and costs incurred herein; and for such other and further relief as the Court deems just.

DATED this 22nd day of December, 2006.

Respectfully submitted,

CONSTANGY, BROOKS & SMITH, LLC
Post Office Box 41099
Jacksonville, Florida 32203
Telephone: (904) 356-8900
Facsimile: (904) 356-8200


BY:   s/ John F. Dickinson
      John F. Dickinson
      Florida Bar No.: 198651
      jdickinson@constangy.com
      Melanie S. Lastrapes
      Florida Bar No.: 0014482
      mlastrapes@constangy.com

      Attorneys for Defendant,
      Dynamic Educational Systems, Inc.


## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 22nd day of December, 2006, I electronically filed the
foregoing Defendants' Answer and Affirmative Defenses with the Clerk of the Court by using
the CM/ECF system, which will send a Notice of Electronic Filing to all counsel of record
herein.

Kenneth B. Wright, Esquire
Bledsoe Jacobson Schmidt Wright et al.
1301 Riverplace Blvd., Suite 1818
Jacksonville, Florida 32207


      s/John F. Dickinson
            Attorney