**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

**SEAN O. LEES,**
              **Plaintiff,**

vs.                                                            Case No.: 3:06-cv-1106-J-33TEM

**DYNAMIC EDUCATIONAL
SYSTEMS, INC.,**
              **Defendant.**
_____

**PLAINTIFF'S TRIAL BRIEF**

**I.   NATURE OF THE ACTION**

This is an action by plaintiff, Sean Lees ("Lees") against Dynamic Educational Systems, Inc. ("DESI") for quid pro quo sexual harassment and retaliatory termination.

**II.   FACTS**

Lees was a facilities manager for DESI from September 1, 2003, until he was fired in December 2005. Lee's was recruited and hired by Dave Stout, DESI's President, at the time and was initially supervised by Lisa Odle. Lees's job responsibilities included overseeing maintenance and building issues for the seven job Corps centers which were operated by DESI under a contract with the United States job Corps. In early 2005, Odle resigned. René Nutter replaced her as Lees's direct supervisor on February 28, 2005.

In mid-May, 2005, Nutter visited the Jacksonville Job Corps Center where Lees was based. At the end of the day, Nutter invited Lees to go out and have dinner and drinks. During the course of the evening, Lees please rebuffed unwanted sexual

advances made by Nutter.  Following a final refusal to submit to her sexual advances, Nutter angrily advised Lees that he would regret it.

Because of this threat, Lees became uncomfortable about his job status. Accordingly, he sought and received assurances from David Stout that he would continue to have a position with DESI.  Nutter, however, began to make good on her threats.  She failed to approve bonuses to which Lees was entitled, and began to undermine him with his colleagues and his superiors.  She also limited his travel and otherwise affected his ability to perform his job.  Ultimately, Nutter's actions were designed to pave the way for his termination.

After enduring these retaliatory actions for some time, Lees realized that Nutter fully intended to make good on her threat all the way up to and including terminating his employment.  Accordingly, Lees complained about the sexual harassment, the threat, and the retaliatory actions by Nutter, to Barbara Woodman of DESI's human resources department.  Woodman investigated the allegations made by Lees, and although she asserted that she could not substantiate the sexual harassment, DESI disciplined René Nutter and required her to attend sexual harassment awareness training.  Lees was not disciplined for his role in the events of that evening nor for any of the other allegations made against him by Nutter.

Nevertheless, approximately a month after the investigation into Lees's sexual harassment complaint concluded, Lees was fired.  There is no claim that Lees was fired for any failure to perform his duties.  Instead, DESI argues that Lees's position was completely unnecessary.  This claim is wholly without merit in light of the fact that Lees

salary it was being reimbursed by the government and Lees had been in that position for over two years when he was fired.

All of the foregoing caused Lees mental and emotional distress and the loss of pay and benefits.  After being fired by DESI, Lees looked for other employment.  Ultimately, he accepted new employment outside the state of Florida.  However, his new employer closed down the division in which he worked, leaving him once again unemployed.  Lees currently is employed but is making substantially less then he was while employed with DESI.

### III.  ARGUMENT

**A.  Quid pro quo sexual harassment**.

Lees has to prove three things to be successful in his quid pro quo claim against DESI.  First, he must prove he was subjected to unwanted sexual advances.  Second, he must prove that he suffered a tangible employment action for rejecting Nutter's advances.  Finally, he must prove his damages.

**1.  Plaintiff suffered unwanted sexual advances.**

Plaintiff's initial burden is to prove that he suffered unwanted sexual advances from Nutter. Although this issue is disputed, Lees will show that Nutter made unwanted advances and then made good on her threat to retaliate.  .

**2.  Plaintiff was subjected to adverse employment actions for refusing to acquiesce to Nutter's sexual demands.**

Lees has direct evidence and strong circumstantial evidence that a retaliatory reason likely motivated the actions taken against him by Nutter.  Nutter's actions against Lees, such as refusing him bonuses, undermining him with colleagues and

superiors, cutting his travel and responsibilities did not happen until after Lees rejected her advances. Nutter admits she took all these actions but attempts to explain them with reasons that are not supportable. For example, she claims she took such actions to save the company expenses, but the evidence from her own mouth is that Lees's costs could be billable to the Job Corps, making him a profit center for DESI.

### 3. Plaintiff Suffered Compensable Damages

Lees was denied two bonuses totaling $4,285. In addition, Nutter undermined him with his colleagues and superiors. She also reduced his communication with his colleagues, cut his travel and otherwise paved the way for him to be terminated. All of this, including the threatened retaliation and Nutter's efforts to make good on her threat caused Lees to fear for his job. Accordingly, Lees has suffered both direct economic losses and mental and emotional distress as a result of the actions of Nutter.

## B. Retaliation

To prove retaliation, Lees must show four things. First, that he made his complaint of sexual harassment in good faith to enforce what he believed to be his lawful rights. Second, that he was terminated from his employment with DESI. Third, that his termination was causally related to his complaint of harassment, and lastly, that he suffered damages.

### 1. Good Faith Enforcement of Rights

There is little doubt that Lees made his complaint in good faith to enforce his rights. He cooperated fully in the investigation and provided information that was independently verified. In fact, the only things that were not verified were the actions

that happened without any witnesses-the only time when sexual conduct would normally take place. Not only were the events of the evening in question fully supported by the investigation, but the retaliatory actions being taken against Lees were also verified.  Although DESI claims there were valid business reasons for those actions, even it acknowledged that from Lees's point of view the actions appear more ominous.

**2.  Lees was terminated from DESI.**

There is no dispute that Lees was terminated.

**3.  Lees's termination was causally related to his complaint**.

Lees was fired a little more than a month after the investigation was completed.  A discrimination plaintiff can show a likelihood of discrimination by showing suspicious timing of the firing.  Maldonado v. U.S. Bank, 186 F.3d 759, 763 (7th Cir. 1999). Additionally, the person who claims responsibility for the firing decision cannot even point to any reason for the timing of the decision to fire Lees.  This is especially suspicious given that he also claims to have known for many months the information that forms the basis of his reason for terminating Lees.  Furthermore, despite, claiming to have made calculations to support his assertion that Lees was a drain on the DESI, he has no documents to support his claim.  The jury is entitled to infer that the lack of documents indicates the explanation is not true.  International Union v. N.L.R.B., 459 F.2d 1329, 1335-36 ( D.C. Cir. 1972). ]

**4.  Lees suffered compensable damages**.

Lees was fired in the middle of the holidays.  There is no worse time of year for someone to be fired.  His emotional distress from this difficult period is a matter

committed to the province of the jury. Additionally, as a result of being fired, Lees lost nearly $300,000 in pay and benefits. He is entitled to have the jury award this amount as backpay in addition to an award of compensatory damages.

                              Bledsoe, Jacobson, Schmidt, Wright,
                                  Lang & Wilkinson

                      */s/ Kenneth B. Wright*
BY: _____
        Kenneth B. Wright
        Florida Bar No.: 0893791
        1301 Riverplace Blvd., Suite 1818
        Jacksonville, FL 32207
        Telephone: 904-398-1818
        Facsimile:  904-398-7073
        Email: ken@jacobsonwright.com
        Attorney for Plaintiff

## CERTIFICATE OF SERVICE

    I HEREBY CERTIFY that a copy of the foregoing has been furnished to Todd R. Legon, Esquire and William F. Rhodes, Esquire, Legon Ponce & Fodiman, P.A., 1111 Brickell Avenue, Suite 2150, Miami, FL 33131, Attorneys for Defendant, Email Communication and United States Mail, postage prepaid, this 28th day of April, 2008.

                      */s/ Kenneth B. Wright*
                    _____
                    Kenneth B. Wright,  Esquire