UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

SEAN O. LEES,

        Plaintiff,

                      Case No.: 3:06-cv-1106-J-33TEM
vs.

DYNAMIC EDUCATIONAL SYSTEMS, INC.,

        Defendant.
_____/

**ORDER**

This matter comes before the Court pursuant to Defendant's Motion in Limine to Preclude Claims Based on Allegedly Discriminatory Actions Not Specified In Charge of Discrimination (Doc. # 39), filed on April 4, 2008. Plaintiff filed a response in opposition to the motion on April 18, 2008 (Doc. # 43).

Defendant seeks an order precluding Plaintiff from presenting evidence pertaining to, or making claims or arguments about, allegedly discriminatory actions that were not specified in his Charge of Discrimination filed with the Equal Employment Opportunity Commission ("EEOC"), including the alleged denial of a bonus. Defendant asserts "such evidence, claims, and arguments were not properly preserved and cannot be the subject of Plaintiff's lawsuit." (Doc. # 39 at 1).

Plaintiff, on the other hand, asserts that the evidence concerning the denial of bonus payments could reasonably be expected to grow out of the charge of discrimination that was filed by Plaintiff with the EEOC and was the subject of the EEOC investigation. Thus, Plaintiff submits that evidence of the denial of bonus payments should not be excluded simply because it was not specifically mentioned in Plaintiff's EEOC charge.

Plaintiff's EEOC charge is attached to Defendant's motion in limine. (Doc. # 39-2). Plaintiff lists the following four allegations in his EEOC charge:

(1) I was subjected to unwelcome sexual advances, retaliated against and subsequently terminated from my position of Facilities Manager with Dynamic Educational Systems, Inc. on December 28, 2005. I began employment with the company on September 1, 2003.
(2) Mr. Bob Swank, Vice President, informed me I was terminated because the company's general and administrative costs were high which resulted in an employee reduction.
(3) I believe the reason for the sexual harassment, retaliation, and subsequent termination is because of my sex, male, in violation of Title XI, Chapter 402 of the Jacksonville Municipal Code; Chapter 760 of the Florida Statute and Title VII of the 1964 Civil Rights Act, as amended.
(4) I feel this way because Ms. Rene' Nutter, Vice President, informed me that I would regret my decision after I refused her unwelcome sexual advances and attempts to initiate an intimate relationship. I then informed Ms. Barbara Woodman, Human Resources, by writing a letter about the incident of sexual harassment and retaliation. Ms. Woodman informed Mr. Bob Swank, about Ms. Nutter's threats. Mr. Stout, President,

>    advised me to do whatever I had to do to patch things up.  I also feel that I was deprived from my job responsibilities and subsequently terminated.

(Doc. # 39-2).  It is undisputed that Plaintiff did not mention in his EEOC charge that he was denied bonus payments.  This Court must determine whether Plaintiff should be precluded from introducing evidence regarding the missing bonus payments to the jury during the trial due to Plaintiff's failure to mention the bonus issue in his EEOC charge.

## **Discussion**

The guidepost for this Court's analysis is provided by the Eleventh Circuit in <u>Alexander v. Fulton County, Ga.</u>, 207 F.3d 1303 (11th Cir. 2000).  In <u>Alexander</u>, eighteen white employees of the Fulton County, Georgia Sheriff's Department filed a class action suit alleging that defendants, the Sheriff and the Sheriff's Department, maintained a policy or custom of racial discrimination in employment decisions in violation of Title VII of the Civil Rights Act of 1964. <u>Id.</u> at 1313.  The jury returned a verdict, including punitive damages, against defendants, finding that defendants systematically and intentionally discriminated against white employees. <u>Id.</u> at 1314-1318.

On appeal, the Eleventh Circuit affirmed the jury's verdict in part.  Particularly relevant to the present case, the

-3-

defendants in <u>Alexander</u> asserted that the district court provided erroneous jury instructions to the jury regarding "the relationship between the Plaintiffs' Title VII claims and the scope of their EEOC charges." <u>Id.</u> at 1332. Further, the defendant asserted that many of the plaintiffs' Title VII claims were not related to the allegations of discrimination raised in their EEOC charges, and thus, should have been dismissed by the district court. The Eleventh Circuit rejected the defendant's arguments on these points. First, the Eleventh Circuit upheld the district court's instruction to the jury regarding EEOC charges, which follows:

> Plaintiff is required to file charges of discrimination with the Equal Employment Opportunity Commission or the EEOC and to receive from the EEOC a notice of the right to sue. An EEOC charge is sufficient when it identifies the parties and describes generally the complained of act or practice. While you may review the EEOC charges as evidence of Plaintiffs' contentions at the time they were filed, the claims asserted in this case may encompass discrimination claims that are like the discrimination described in the EEOC charges, as well as claims that may reasonably be expected to grow out of the allegations in the EEOC charge during a reasonable investigation by the EEOC.

<u>Id.</u> at 1333.

In addition, the Eleventh Circuit rejected the defendant's contention that the plaintiffs' Title VII claims should have been dismissed because the claims were not clearly enumerated in their EEOC charges. The Eleventh Circuit explained, "The starting

point of ascertaining the permissible scope of a judicial complaint alleging employment discrimination is the administrative charge and investigation." Id. at 1332 (citing Griffin v. Carlin, 755 F.2d 1516, 1522 (11th Cir. 1985)). The court further explained, "No action alleging a violation of Title VII may be brought unless the alleged discrimination has been made the subject of a timely-filed EEOC charge. EEOC regulations provide that charges should contain, among other things, a clear and concise statement of the facts, including pertinent dates, constituting the alleged unlawful employment practices." Alexander, 207 F.3d at 1332 (internal citations omitted). Elaborating upon this standard, the Eleventh Circuit added, "A plaintiff's judicial complaint is limited by the scope of the EEOC investigation which can reasonably be expected to grow out of the charge of discrimination." Id. (internal citations omitted).

In Alexander, as in the present case, the defendant sought to preclude allegations and evidence not specifically identified in the plaintiffs' EEOC charge. The court in Alexander was not inclined to mechanically strike through allegations not contained in the EEOC charge. Specifically, the court noted that "every plaintiff alleged in his or her EEOC charge that he or she was the victim of a pattern or practice of discrimination against

-5-

white employees in the Sheriff's Department," but found that some of the employees' EEOC charges were more detailed than others. Id. at 1333. Nevertheless, the court held, "it is true that several claims of racial discrimination asserted in Plaintiffs' complaint--denial of access to promotional exams, reclassification, and transfers--were not specifically mentioned in the EEOC charges. However, these claims are sufficiently similar to the promotions and job assignment claims--all involve the allegedly race-based rejection of Plaintiffs for desired positions within the Sheriff's Department--to be fairly characterized as arising out of similar discriminatory treatment to that specifically alleged before the EEOC." Id. at 1333. Accordingly, the Eleventh Circuit affirmed the district court's decision to allow the claims in question to proceed to the jury. Id.

Since issuing the Alexander opinion, the Eleventh Circuit has evaluated and applied the above analytical framework on a number of occasions. In Gregory v. Georgia Department of Human Resources, 355 F.3d 1277 (11th Cir. 2004), the plaintiff, a female, African-American physician, was hired and then terminated from the position of staff psychiatrist at a state hospital. Id. at 1278. The plaintiff filed a charge of discrimination, without

the assistance of counsel, in which she alleged that she was terminated for "no legitimate reason." Id. at 1279. The plaintiff only marked the spaces for gender and race discrimination, leaving blank the space for retaliation on the EEOC's template form. Id. However, the plaintiff alleged in the EEOC charge that she was "not given a legitimate reason for her termination and contended that she believed that she was discriminated against, as she had been an exemplary employee." Id. Further, the plaintiff alleged in the EEOC charge that "white male doctors (1) were not required to provide doctor's excuses when they used sick leave, (2) did not have negative performance memoranda placed in their records for arbitrary reasons, and (3) were not subjected to unwarranted termination." Id. Thus, she alleged, "I believe that I have been discriminated against on the basis of my race (Black American) and my sex (female)." Id. The EEOC issued a right to sue letter, and the plaintiff filed a complaint against the defendant alleging race discrimination and retaliation. Id. The defendant filed a motion for summary judgment, arguing that the plaintiff's retaliation claim was administratively barred because her EEOC charge only listed race and gender discrimination and failed to allege retaliation. Id. at 1278. The district court denied the motion

for summary judgment finding that "although Dr. Gregory had alleged only race and gender discrimination and had not claimed retaliation explicitly in her EEOC charge, the exhaustion requirement was nonetheless satisfied because the retaliation claim was based on the facts alleged in her discrimination charge." Id. The case proceeded to jury trial, and the plaintiff prevailed on the retaliation claim.

On appeal, the defendant asserted that the district court should have entered summary judgment for defendant on the plaintiff's retaliation claim because the plaintiff did not explicitly complain about retaliation in the EEOC charge. The Eleventh Circuit, however, affirmed the district court's denial of summary judgment and upheld the jury's verdict in favor of the plaintiff. Id. at 1278. The Eleventh Circuit explained, "Prior to filing a Title VII action . . . a plaintiff first must file a charge of discrimination with the EEOC. The purpose of this exhaustion requirement is that the EEOC should have the first opportunity to investigate the alleged discriminatory practices to permit it to perform its role in obtaining voluntary compliance and promoting conciliation efforts." Id. at 1279 (internal citations omitted). The court further noted, "judicial claims are allowed if they 'amplify, clarify, or more clearly

focus' the allegations in the EEOC complaint, but has cautioned that allegations of new acts of discrimination are inappropriate." Id. at 1279-1280 (citing Wu v. Thomas, 863 F.2d 1543, 1547 (11th Cir. 1989)). The court reiterated the standard set forth in Alexander that "a plaintiff's judicial complaint is limited by the scope of the EEOC investigation which can reasonably be expected to grow out of the charge of discrimination" but mentioned its "extreme reluctan[ce] to allow procedural technicalities to bar claims brought under Title VII." Gregory, 355 F.3d at 1280 (citing Alexander, 207 F.3d at 1332)). The court further admonished that "the scope of an EEOC complaint should not be strictly interpreted." Gregory, 355 F.3d at 1280.

The Eleventh Circuit also provided the following helpful analysis:

> The facts alleged in [the plaintiff's] EEOC charge could have reasonably been extended to encompass a claim for retaliation because they were inexplicably intertwined with her complaints of race and sex discrimination. That is, she stated facts from which a reasonable EEOC investigator could have concluded that what she had complained about is retaliation . . . . An EEOC investigation of her race and sex discrimination complaints leading to her termination would have reasonably uncovered any evidence of retaliation.

Id.

As in Gregory, the Eleventh Circuit emphasized the importance of the EEOC's investigatory role in Griffin v. Carlin,

-9-

755 F.2d 1516 (11th Cir. 1985). In <u>Griffin</u>, the plaintiffs, African-American postal workers, sued the United States Postal Service, alleging race discrimination under Title VII of the Civil Rights Act of 1964. <u>Id.</u> at 1519. Among other things, the plaintiffs complained that the Postal Service's use of written tests to determine promotion eligibility disproportionately disadvantaged African-American workers. <u>Id.</u> at 1522.

The district court dismissed that portion of the plaintiffs' complaint challenging the Postal Service's use of written tests as a condition of promotion. <u>Id.</u> As explained by the Eleventh Circuit, the district court found that "the requirement of exhaustion of administrative remedies is satisfied when the issues (a) are expressly raised in the pleadings before the administrative agency; (b) might reasonably be expected to be considered in a diligent investigation of those expressly raised issues; or (c) <u>were in fact considered during the investigation</u>." <u>Id.</u> (emphasis added). The district court determined that the Postal Service had not had an opportunity to consider the issue of the written test, and thus, dismissed the claims regarding the written test requirements.

On appeal, the Eleventh Circuit reversed the district court's finding. The Eleventh Circuit explained that the plaintiffs' "administrative complaint charged racial

-10-

discrimination in that 'qualified blacks were and are still being systematically excluded in training and development and opportunities for advancements.'" Id. The Eleventh Circuit held that the plaintiffs' "complaint clearly challenged aspects of defendant's employment practices which would reasonably include testing." Id.  Further, the Eleventh Circuit pointed out that "the investigative report prepared by the Postal Service at the conclusion of its investigation contains numerous references to the written tests." Id.  The Eleventh Circuit finally found that "the testing issue was or should have been included in a reasonable investigation of the administrative complaint." Id. Accordingly, the Eleventh Circuit reversed the district court's dismissal of the plaintiffs' challenge to the written tests used by the Postal Service to determine promotion eligibility. Id.

In the present case, Plaintiff asserts that "there is no reasonable basis to assert that Plaintiff's bonus denial could not be expected to be a part of or grow out of Lees' discrimination claim.  It was part of the EEOC investigation." (Doc. # 43 at 3)(emphasis added).  Plaintiff is correct. During the deposition of Barbara Woodman, she testified that during her investigation into Lees' complaint about Nutter, Lees specifically complained to her that he had not gotten his bonus payments.  (Woodman Dep. Doc. # 41-1 at 116:15-15).  Plaintiff's

contention that he was denied bonus payments by Nutter was part of the Woodman investigation documents which Plaintiff asserts were provided to the EEOC. (Doc. # 43 at 3).  Plaintiff attaches to his response to the present motion in limine two items which Plaintiff asserts are also in the EEOC investigation file. First, Plaintiff offers a June 21, 2005, e-mail correspondence between himself and Nutter concerning his unpaid bonuses (Doc. # 43-2 at 2). Second, Plaintiff offers Woodman's notes from her investigation into Plaintiff's sexual harassment and retaliation claims reflecting that Plaintiff "stated that he has not had his evaluation nor received his Management Incentive Bonus." (Doc. # 43-2 at 3).  Plaintiff emphasizes, "As both documents are part of the EEOC file, it cannot be said that the claim could not be part of or grow out of the EEOC investigation." (Doc. # 43 at 3).

Nevertheless, Defendant relies on <u>Jerome v. Marriott Residence Inn Barcelo Crestline</u>, 211 Fed. App'x 844 (11th Cir. 2006), and <u>Lambert v. Alabama Department of Youth Services</u>, 150 Fed. App'x 990 (11th Cir. 2005), two unpublished opinions which examine the relationship between EEOC charges and judicial complaints, in an effort to convince this Court that the bonus issue should be kept from the jury during the trial.

In <u>Jerome</u>, the plaintiff, a male African-American, alleged in his complaint that he received unequal pay, was denied a

promotion, and was harassed due to his race. 211 Fed. App'x at 846. The district court granted judgment on the pleadings to the defendant employer as to the unequal pay claim upon determining that the plaintiff did not raise that issue in his EEOC charge. It was undisputed that the plaintiff employee circled "wages" on the EEOC questionnaire; however, the Eleventh Circuit, affirming the trial court's decision, explained: "When Jerome filed his EEOC charge, he alleged only the denial of a promotion. Nowhere does there appear on the charge a reference to his disparate pay claim." Id. at 846. The Eleventh Circuit further determined that "Jerome's only evidence for making the claim to the EEOC, other than his own unsworn statements, is an EEOC charge questionnaire on which he circled 'wages' when prompted to identify the specific discriminatory actions he was complaining of." Id. Further, the court explained that "when asked to explain these discriminatory actions, Jerome complained only of being passed over for a promotion." Id. at 847. The Eleventh Circuit held that in light of Jerome's own explanation of the alleged discrimination, "merely circling 'wages' on the questionnaire fell short of putting the EEOC on notice" of the unequal pay allegation. Id.

Similarly, in Lambert, the district court dismissed a race discrimination complaint on the basis of failure to exhaust

administrative remedies after finding that the complaint allegations differed from the EEOC charge allegations. Lambert, 150 Fed. App'x at 991. Lambert, a former Youth Services aide, alleged in his complaint that his supervisor was requiring him to strip and wax floors, which was not a part of his job description. Id. Lambert's EEOC charge, however, "alleged only that Lambert had been suspended for being disruptive and had been transferred to a less desirable shift." Id. Lambert filed a pro se appeal of the dismissal of his complaint and further alleged that defendant disproportionately "reprimanded blacks, including Lambert" and maintained a "inherently discriminatory" sick leave policy. Id. at 993. The Eleventh Circuit affirmed the dismissal of Lambert's complaint, explaining:

> The district court properly found that Lambert failed to exhaust his remedies with the EEOC, and properly granted the state's motion to dismiss. Lambert's claim to the EEOC, that he was suspended for being disrupt[ive] and transferred to a less desirable shift on the basis of his race and gender, would not reasonably lead the EEOC to investigate whether Lambert was being forced to wax and strip floors or being denied sick leave on the basis of his race and gender. These allegations do not clarify, amplify, or more clearly focus the allegations in the original EEOC complaint, but rather are allegations of new acts of discrimination that this Court has held are inappropriate. See Gregory, 355 F.3d at 1279-80. There is no evidence in the record that Lambert raised these claims to the EEOC in a formal charge of discrimination, and, therefore, Lambert improperly failed to exhaust his remedies prior to filing suit in the district court.

Lambert, 150 Fed. App'x at 994.

The Jerome and Lambert cases cited by Defendant are inapposite to the present case. The exclusion of claims omitted from the EEOC charge in Jerome and Lambert was consistent with the well-defined and separate roles of the EEOC and the court system. As explained in Gregory and a myriad of other Eleventh Circuit cases, "the purpose of this exhaustion requirement 'is that the EEOC should have the first opportunity to investigate the alleged discriminatory practices to permit it to perform its role in obtaining voluntary compliance and promoting conciliation efforts.'" Gregory, 355 F.3d at 1279 (citing Evans v. U.S. Pipe & Foundry Co., 696 F.2d 925, 929 (11th Cir. 1983)). The rulings in Jerome and Lambert were necessary to protect the balance between the courts and the EEOC. This is especially pronounced in Lambert, were the plaintiff complained of certain acts of discrimination for the first time on appeal. Lambert, 150 Fed. App'x at 993.

In contrast, Plaintiff in the present case put Defendant and the EEOC on notice that he was concerned about the denial of his bonus payments. As in Griffin, where the defendant and the EEOC were on notice that the plaintiffs challenged the use of written tests to determine promotion eligibility, the record in this case reflects that Defendant and the EEOC were on notice that

Plaintiff's claim that he was denied bonus payments. Defendant can claim no surprise with respect to this claim, and this claim was a part of the EEOC investigation.

Accordingly, it is now

**ORDERED, ADJUDGED,** and **DECREED:**

Defendant's Motion in Limine to Preclude Claims Based on Allegedly Discriminatory Actions Not Specified In Charge of Discrimination (Doc. # 39) is **DENIED**.

**DONE** and **ORDERED** in Chambers in Jacksonville, Florida, this 10th day of May 2008.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies:

All Counsel of Record