```
                   UNITED STATES DISTRICT COURT
                    MIDDLE DISTRICT OF FLORIDA
                      JACKSONVILLE DIVISION
```

SEAN O. LEES,

               Plaintiff,

v.

                                      Case No. 3:06-cv-1106-J-33TEM

DYNAMIC EDUCATIONAL SYSTEMS, INC.,

               Defendant.
_____/

**ORDER**

This matter comes before the Court pursuant to Plaintiff Sean Lees' Motion for a New Trial (Doc. # 89), which was filed on June 25, 2008. Defendant filed a response in opposition to the motion on July 7, 2008 (Doc. # 94). For the reasons that follow, the Motion for a New Trial is due to be granted in part.

**I.   Background**

After a five day trial in this sexual harassment and retaliation case, the jury returned a defense verdict. (Doc. # 78). Plaintiff now seeks a new trial on both his sexual harassment claim and his retaliation claim. He argues that the Court's evidentiary rulings mandate a new trial on both counts. In the alternative, he asserts that the jury's answers to special interrogatories regarding his retaliation claim warrant a new trial on his retaliation claim.

As noted, the jury's verdict was presented in the form of answers to special interrogatories. As to Plaintiff's claim for

sexual harassment, the jury was asked: "do you find from a preponderance of the evidence: That the Plaintiff was subjected by his supervisor to unwelcome sexual advances?" The jury responded unanimously: "No." (Doc. # 78 at 1). Pursuant to the directions on the verdict form, the jury did not answer the remaining interrogatories. Plaintiff does not present any specific arguments concerning the jury's answers to interrogatories regarding Plaintiff's sexual harassment claim. Instead, Plaintiff asserts that the jury's answers to the interrogatories concerning his retaliation claim are inconsistent with the evidence presented at trial and warrant a new trial on Plaintiff's retaliation claim.

As to the retaliation claim, the jury was asked: "do you find by a preponderance of the evidence: That Plaintiff engaged in statutorily protected activity, that is, that he in good faith asserted objectively reasonable claims or complaints of discrimination prohibited by law?" The jury responded: "Yes." The next interrogatory on the verdict form asked whether the jury found by a preponderance of the evidence "That an adverse employment action then occurred to the plaintiff?" the jury responded: "No." (Doc. # 78 at 2). Because the jury answered "no" to whether Plaintiff suffered an adverse employment action, the directions to the jury on the verdict form instructed the jury not to answer the remaining interrogatories, which addressed causation and damages.

Plaintiff asserts that it is undisputed that he was terminated from his employment, and thus, the jury's answer of "no" as to whether Plaintiff suffered an adverse employment action is fatally inconsistent with the evidence. Specifically, Plaintiff contends: "The finding that Lees did not suffer any adverse employment action is not just against the greater weight of the evidence, it is against all of the evidence in this case and requires that Plaintiff be granted a new trial as to that issue and the remaining issues of causation and damages." (Doc. # 89 at 1-2).

Defendant, on the other hand, argues that the jury's finding that Plaintiff did not suffer an adverse employment action can be reconciled with the evidence: "there are at least two reasonable explanations for the jury's answer to Interrogatory Number Six, including that the jury interpreted the word 'then' in Interrogatory Number 6 to connote a causal connection, and that the jury interpreted the term 'adverse employment action' to connote a retaliatory action." (Doc. # 94). Last, Defendant asserts that Plaintiff waived his right to assert that the jury's verdict is against the weight of the evidence because Plaintiff failed to raise the issue before the jury was excused.

This Court will address these issues and others in reaching its determination that a new trial is warranted on Plaintiff's retaliation claims.

**II. Analysis**

This Court will begin with a discussion of Rule 59(a) of the Federal Rules of Civil Procedure.  Rule 59 does not list all of the grounds for a new trial, but instead generally provides that a new trial may be granted to all or any of the parties and on all or part of the issues in an action in which there has been a trial by jury, for any of the reasons for which new trials have theretofore been granted in actions at law in the court of the United States.

In the present case, Plaintiff correctly contends that the jury's finding that Plaintiff did not suffer from an adverse employment action is contrary to all of the evidence in the case.  However, the Eleventh Circuit has ruled, "The trial judge's discretion to set aside a jury verdict based on the great weight of the evidence is very narrow" and is limited to "protect[ing] against manifest injustice in the jury's verdict." Hewitt v. B.F. Goodrich Co., 732 F.2d 1554, 1556 (11th Cir. 1984).

The Eleventh Circuit explained in Lipphardt v. Durango Steakhouse of Brandon, Inc., 267 F.3d 1183 (11th Cir. 2001):

> A judge should grant a new trial when the verdict is against the clear weight of the evidence or will result in a miscarriage of justice, even though there may be substantial evidence which would prevent the direction of a verdict. . . . Because it is critical that a judge does not merely substitute h[er] judgment for that of the jury, new trials should not be granted on evidentiary grounds unless, at a minimum, the verdict is against the great -- not merely the greater -- weight of the evidence.

Id. at 1186 (internal citations omitted).  Further, the Eleventh Circuit has noted, "When a new trial is granted on the basis that the verdict is against the weight of the evidence our review is particularly stringent to protect the litigant's right to a jury trial." Hewitt, 732 F.2d at 1556.

In this case, however, it is the Seventh Amendment right to a jury trial which requires this Court to grant a new trial. Plaintiff is correct that his termination from employment was not a disputed issue in this case.  Termination is an adverse employment action, indeed, it is the ultimate adverse employment action.  The jury's finding that Lees did not face an adverse employment action is categorically incorrect and is against all of the evidence presented during the jury trial.  It is not the fact that the jury answered the interrogatory incorrectly, however, that mandates a new trial.  In this case, the jury ended its analysis after answering the interrogatory concerning an adverse employment action.  If the jury had continued its analysis, perhaps this Court could resolve the apparent factual mistake in the verdict form. Unfortunately, the Court cannot reconcile this problem because, in order to do so, this Court would be invading the fact finding province of the jury.  Specifically, to resolve the issue, this Court would be required to answer one or more of the unanswered interrogatories: whether "the adverse employment action was causally related to the Plaintiff's statutorily protected

activities" and whether "the Plaintiff suffered damages as a proximate or legal result of such adverse employment action." (Doc. # 78 at 2-3).

As noted, Defendant contends that Plaintiff waived all arguments concerning the inconsistent answers.  Defendant's arguments fail.  The majority of Defendant's arguments fall under Rule 49 of the Federal Rules of Civil Procedure.  Rule 49(a) provides for the use of special verdicts and Rule 49(b) provides for the use of special verdicts accompanied by a general verdict.  The detailed rule explains that "[t]he court may require a jury to return only a special verdict in the form of a special written finding on each issue of fact." Fed.R.Civ.P. 49(a).  In the present case, the jury was provided with special interrogatories under Rule 49(a).

Rule 49(b), on the other hand, describes the manner in which the court may "submit to the jury forms for a general verdict, together with written questions on one or more issues of fact that the jury must decide."  Rule 49(b) also describes various relationships between the general verdict and the special interrogatories which may arise under Rule 49(b).[1]

---

[1] When the general verdict and the answers to the special interrogatories are consistent the court "must approve, for entry under Rule 58, an appropriate judgment on the verdict and answers." Fed.R.Civ.P. 49(b)(2).  When the jury's answers to the special interrogatories are consistent with one another, but one or more are inconsistent with the jury's general verdict, the court may (i)
(continued...)

A large body of law has developed around Rule 49(b)'s classifications.[2] However, it is not necessary for this Court to delve into an analysis of Rule 49(b). In this case, the Court submitted special interrogatories to the jury under Rule 49(a), and Rule 49(b) is not applicable. Furthermore, Plaintiff does not assert that the jury's answers to the special interrogatories were inconsistent with each other (or with a general verdict form). Rather, Plaintiff asserts that the jury's answers to the special interrogatories, particularly, with special interrogatory number 6, were inconsistent with the great weight of the evidence, and this Court agrees. A new trial is accordingly warranted on Plaintiff's retaliation claim.

---

[1](...continued)
approve the jury's answers to the special interrogatories notwithstanding the jury's general verdict; (ii) direct the jury to further consider its answers and verdict; or (iii) order a new trial. Fed.R.Civ.P. 49(b)(3). However, when the jury's answers to the special interrogatories are inconsistent with each other and one or more is also inconsistent with the general verdict, the court must either ask the jury to further consider or must order a new trial.

[2] Defendant's argument that "the Court is bound to uphold the jury's verdict if there is any reasonable basis on which it may be explained" holds true only to the extent the Court is called to reconcile a jury's special interrogatories that either conflict with each other or the general verdict. The duty to reconcile, particularly as described in Gallick v Baltimore & Ohio Railroad Co., 372 U.S. 108, 119 (1963) ("where there is a view of the case that makes the jury's answers to special interrogatories consistent, they must be resolved that way") does not overlap with the Court's duty to reconcile the interrogatory answers with the weight of the evidence.

Furthermore, because this Court has ordered a new trial, the Court finds it appropriate to deny Defendant's motion for attorney's fees (Doc. # 90) without prejudice. This Court will hold a new trial on Plaintiff's retaliation claim. The jury's verdict on Plaintiff's sexual harassment claim will not be disturbed. While Plaintiff contends that certain evidentiary rulings require a new trial on both of Plaintiff's claims, this Court is not convinced by Plaintiff's arguments.[3] Defendant's use of video-taped depositions was proper under the circumstances of this case, and Defendant complied with the Court's pre-trial Orders regarding the testimony of Woodman and Nutter.

Accordingly, it is

**ORDERED, ADJUDGED, and DECREED**:

---

[3] Plaintiff also argues that a new trial is warranted because "Defendant was permitted to put on inadmissible testimony over Plaintiff's objection." (Doc. # 89 at 2). As to the issues concerning the use of video-taped deposition testimony, Defendant asserts as to Barbara Woodman: "Woodman's investigative conclusions meet the standards under Rule 701 for admissibility of lay opinion testimony." (Doc. # 94 at 9). Further, Defendant contends, "Defendant was required, and entitled, to demonstrate the effectiveness and thoroughness of its investigation, what conclusions were reached, and what was done about those conclusions." (Doc. # 94 at 9). In addition, as to Rene Nutter, Defendant characterizes Plaintiff's relevance arguments as "ludicrous" and notes, "Rene Nutter's recollection of her reaction when she was told of the accusations against her is highly relevant to her credibility in denying those accusations." (Doc. # 94 at 10). Defendant adds that "many of Plaintiff's objections to the deposition testimony pertain to evidence that came in at trial without objection". (Doc. # 94 at 11).

(1) Plaintiff Sean Lees' Motion for a New Trial (Doc. # 89) is **GRANTED** to the extent that Plaintiff's retaliation claim will be retried.

(2) Defendant's motion for attorney's fees (Doc. # 90) is **DENIED WITHOUT PREJUDICE**.

**DONE** and **ORDERED** in Jacksonville, Florida, this <u>14th</u> day of August, 2008.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies:
All Counsel of Record